UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| RAYMOND E. TEAGUE, JR., | 4:25-CV-04248-CBK |
| Plaintiff, | ORDER |
| vs. | |
| GOOGLE, | |
| Defendant. | |

Plaintiff, while a pretrial detainee at the Minnehaha County Jail in Sioux Falls, South Dakota, filed a *pro se* complaint and a motion for leave to proceed *in forma pauperis* without the prepayment of the filing fee. He has since been released from custody and filed a new motion for leave to proceed *in forma pauperis* without the payment of the filing fee. Plaintiff has made the requisite showing under 28 U.S.C. § 1915.

The Prison Litigation Reform Act requires the Court to conduct a preservice review pursuant to 28 U.S.C. § 1915(e)(2)(B) prior to ordering service of the complaint. Carter v. Schafer, 273 F. App'x 581, 582 (8th Cir. 2008) (unpublished) ("the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service"). The Court is required to dismiss a case filed without the prepayment of fees if it determines that the action (1) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). I am required to give the plaintiff's pro se complaint liberal construction and identify any discernable cognizable claim. Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015). I have conducted an initial review as required by § 1915A.

"In order to sustain an action under 42 U.S.C. § 1983, [plaintiff] must allege a deprivation of a constitutional right." Green v. DeCamp, 612 F.2d 368, 369 (8th Cir.

1980).  Plaintiff claims Google committed defamation based upon the fact that "people think I raped [redacted].  This case (sic) been dismissed in 2021 but it still show (sic) on Google and caused me to (sic) threaten and attacked a few times."  Plaintiff further claims his image is on Google and it is difficult to get a job because the rape charges still appear on Google.  "[A]lthough the imputation of a crime may be defamation per se, the stigma to one's reputation [is] not a property or liberty interest protected by the fourteenth amendment."  Green v. DeCamp, 612 F.2d 368, 370 (8th Cir. 1980).  Plaintiff's defamation claim fails to state a claim upon which relief can be granted in a § 1983 case.  28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff's defamation claim is also subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(iii).  In 1996, Congress enacted the Communications Decency Act ("CDA"), Pub.L. 104-104, Title V, § 509, Feb. 8, 1996, 110 Stat. 137.  CDA provides Internet Service Providers (ISP's") "with federal immunity against state tort defamation actions that would make service providers liable for information originating with third-party users of the service."  Johnson v. Arden, 614 F.3d 785, 792 (8th Cir. 2010).  Specifically, the CDA provides: "No provider . . . of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."  47 U.S.C.A. § 230(c)(1).  Search engines like Google fall within this statutory definition.  Marshall's Locksmith Serv. Inc. v. Google, LLC, 925 F.3d 1263, 1268 (D.C. Cir. 2019); 47 U.S.C. § 230(f)(2).  The CDA further provides: "No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section."  47 U.S.C.A. § 230(e)(3).  Google is not a "publisher or speaker" under the CDA and therefore "cannot be liable under any state-law theory to the persons harmed by the allegedly defamatory material."  Johnson v. Arden, 614 F.3d at 791 (citing cases from five other Circuit Courts of Appeal).

Google is immune from suit for defamation claims arising out of other content providers' posts on the internet.  Therefore, plaintiff's claims are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(iii).

2

Now, therefore,

IT IS ORDERED:

1. Plaintiff's motion, Doc. 8, to proceed *in forma pauperis* without the payment of the filing fee is granted.

2. Plaintiff's complaint is summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

DATED this 13th of March, 2026.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

3